UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS CLINTON COLEMAN,

        Plaintiff,

v.

CATHERINE SCHROEDER, *et al.*,

        Defendants.

CASE NO. C19-1497-JCC-MLP

REPORT AND RECOMMENDATION

    Plaintiff Travis Coleman is currently confined at the King County Correctional Facility ("KCCF") in Seattle, Washington. He has submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed with this action *in forma pauperis*. (Dkt. ## 6, 6-1.) Plaintiff alleges in his complaint that Defendants violated his constitutional rights when they entered false information into his medical records causing him to be denied medications previously prescribed for him. (*See* Dkt. # 6-1 at 4-8.) Plaintiff further alleges that he was denied a special diet resulting in severe weight loss. (*See id*. at 7-8.) Plaintiff identifies KCCF medical providers Catherine Schroeder, Joe Scott, and Roger Higgs as Defendants in this action. (*Id*. at 3.) Plaintiff seeks $24 million in damages. (*Id*. at 9.)

REPORT AND RECOMMENDATION
PAGE - 1

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not proceed *in forma pauperis* in a civil action if he has, on three or more prior occasions, brought civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. This Court's records reflect that Plaintiff has filed at least three prior civil actions, *in forma pauperis*, which were dismissed for failure to state a claim upon which relief may be granted. *See Coleman v. Snohomish County Corrections Facility*, C18-182-JLR (dismissed Nov. 21, 2018); *Coleman v. Snohomish County Sheriff, et al.*, C18-159-RSM (dismissed Nov. 20, 2018); *Coleman v. Snohomish County Corrections, et al.*, C18-158-MJP (dismissed Nov. 20, 2018). Accordingly, Plaintiff may not proceed with this action without prepayment of the full filing fee unless he shows that he was "under imminent danger of serious physical injury" at the time he signed his pleading. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."). The imminent danger exception requires a prisoner allege a danger which is "ready to take place" or "hanging threateningly over one's head." *Id.* at 1056 (internal citations omitted).

Plaintiff does not assert in his complaint that he is under imminent danger of serious physical injury, nor does he allege any facts suggesting that such a danger exists. The attachments to Plaintiff's complaint, which appear to include a medical intake screening form and a large number of medical grievances submitted by Plaintiff to KCCF medical staff (*see* dkt. ## 6-2, 6-3, 6-4), also refute the notion that Plaintiff is under imminent danger of serious physical injury at KCCF. This Court therefore concludes that Plaintiff is ineligible to file this

REPORT AND RECOMMENDATION
PAGE - 2

lawsuit in federal court without paying the $350.00 filing fee plus a $50.00 administrative fee (for a total of $400.00).

Accordingly, this Court recommends that Plaintiff's application to proceed *in forma pauperis* (dkt. # 6) be denied. This Court further recommends that Plaintiff be directed to pay the filing fee within thirty (30) days of the date on which this Report and Recommendation is adopted, and that this action be terminated if Plaintiff fails to do so. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 22, 2019**.

DATED this 31st day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3